# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DARRYL HARPER

**DEFENDANTS**
PHILADELPHIA PARKING AUTHORITY

**(b)** County of Residence of First Listed Plaintiff: **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **PHILADELPHIA**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire - Sidney L. Gold & Assoc., P.C.
1835 Market St., Ste. 515, Phila, PA 19103  215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*   Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |  | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** |  | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** |  | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions |  |  |
|  | [ ] 555 Prison Condition |  |  |  |
|  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA, PHRA, FMLA, FFCRA, FLSA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** 150,000 IN EXCESS
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY *(See instructions):*
JUDGE _____  DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 03/06/2023 | /S/ SIDNEY L. GOLD, ESQUIRE |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 6328 Gardenia Street, Philadelphia, PA 19144

Address of Defendant: 701 Market Street, Suite 5400, Philadelphia, PA 19106

Place of Accident, Incident or Transaction: 701 Market Street, Suite 5400, Philadelphia, PA 19106

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ] No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ] No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ] No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ] No [✓]

I certify that, to my knowledge, the within case [ ] is / [•] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/06/2023      /s/ Sidney L. Gold, Esq.      21374
                     *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, SIDNEY L. GOLD, ESQUIRE, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: 03/06/2023      /s/ Sidney L. Gold, Esq.      21374
                     *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| DARRYL HARPER | : | CIVIL ACTION |
| v. | : | |
| PHILADELPHIA PARKING AUTHORITY | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (☑)

| 03/06/2023 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRYL HARPER, | : | CIVIL ACTION NO.: |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA PARKING AUTHORITY | : | |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| *Defendant.* | : | |

**COMPLAINT AND JURY DEMAND**

**I.    PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff, Darryl Harper ("Plaintiff Harper"), a former employee of Defendant, Philadelphia Parking Authority, who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2. This action arises under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq., the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq., the Families First Coronavirus Response Act, Pub. L. No. 116-127, 134 Stat. 178 (2020) ("FFCRA") and the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA").

**II.    JURISDICTION AND VENUE:**

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff Harper's claims are substantively based on the ADA, the FMLA, the FFCRA, and the FLSA.

1

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Harper's claims arising under the PHRA.

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Harper has satisfied all jurisdictional prerequisites to the maintenance of this action. On December 9, 2022 a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

### III. PARTIES:

6. Plaintiff, Darryl Harper ("Harper"), is a citizen of the Commonwealth of Pennsylvania, residing therein at 6328 Gardenia Street, Philadelphia, PA 19144.

7. Defendant, Philadelphia Parking Authority, is a public corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business at 701 Market Street, Suite 5400, Philadelphia, PA 19106.

8. At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant is and has been a "person" and "employer" as defined under the ADA, PHRA, and FMLA, FFRCA and FLSA and is accordingly subject to the provisions of each said act.

10. At all times material herein, Plaintiff Harper was an "eligible employee" as defined under the FMLA and was entitled to the protection of the provisions of said Act.

IV. **STATEMENT OF CLAIMS:**

11. Plaintiff Harper was employed by the Defendant from on or about June 21, 2021 until in or about January 26, 2022, the date of his unlawful termination.

12. At all times relevant hereto, Plaintiff Harper's position was Parking Enforcement Officer, and he performed his role in a dutiful and competent manner, receiving satisfactory performance reviews.

13. On or about October 6, 2021, Plaintiff Harper tested positive for COVID-19. Said medical condition is a disability within the meaning of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that it substantially impaired one or more of Plaintiff Harper's major life activities including, but not limited to breathing, walking, and working.

14. Upon testing positive for COVID-19, Plaintiff Harper promptly informed Paula (last name unknown), Supervisor, and later exchanged emails with Human Resources regarding his illness.

15. Plaintiff Harper subsequently communicated with Defendant's ADA Personnel Officer Terry Houcke ("Houcke"), who scheduled Plaintiff Harper for a return date of October 18, 2022. However, as this date approached, Plaintiff Harper had not yet received clearance from his doctor and communicated his continued illness to Houcke. Plaintiff Harper was additionally awaiting an appointment with a pulmonary specialist to investigate possible damage his lungs suffered from enduring COVID-19.

16. On December 21, 2021, while Plaintiff Harper was still on medical leave, he received an email from the Defendant informing him that he was terminated for

3

having a suspended driver's license. This was untrue; Plaintiff Harper's license was active and valid, having been renewed on December 16, 2021.

17. Subsequent to receiving his termination letter, Plaintiff Harper contacted Human Resources Representative Susan Pinkerton ("Pinkerton"), who was unaware of the fact that Plaintiff Harper was on medical leave and asked when he would return. Plaintiff Harper informed her that his return date depended on his recovery and the advice of his physicians. Plaintiff Harper sent the Defendant a picture of his valid license.

18. On or about January 26, 2022, Plaintiff Harper received a second notice that he was being terminated due to having an expired license, which again was untrue. Plaintiff Harper sent documentation to the Defendant to prove the sustained validity of his license, but he was not reinstated.

19. Plaintiff Harper believes and avers that the Defendant's articulated reason for the termination of his employment is pretextual and that the Defendant actually terminated his employment based on his actual and/or perceived disability and/or record of impairment (COVID-19) and/or in retaliation for requesting a reasonable accommodation (medical leave) for his disability.

**COUNT I**
**(ADA – Disability Discrimination)**
**Plaintiff Harper v. Defendant**

20. Plaintiff Harper incorporates by reference paragraphs 1 through 19 of his Complaint as though fully set forth herein.

21. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Harper to discrimination on the basis of his actual and/or perceived

disabilities and/or record of impairment, and failing to engage in the interactive process, constituted violations of the ADA.

22. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Harper sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

23. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Harper suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (ADA - Retaliation)
### Plaintiff Harper v. the Defendant

24. Plaintiff Harper incorporates by reference paragraphs 1 through 23 of his Complaint as though fully set forth herein.

25. The actions of the Defendant, through its agents, servants and employees, in retaliating against Plaintiff Harper for requesting a reasonable accommodation for his disability, constituted a violation of the ADA.

26. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Harper sustained permanent and irreparable harm resulting in the termination of his employment, which

caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

27. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Harper suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (ADA – Failure to Accommodate)
### Plaintiff Harper v. the Defendant

28. Plaintiff Harper incorporates by reference paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. The actions of the Defendant, through its agents, servants and employees, in failing to engage in the interactive process with Plaintiff Harper and failing to reasonably accommodate Plaintiff Harper's actual and/or perceived disabilities and/or record of impairment, constituted a violation of the ADA.

30. As a direct result of the aforesaid unlawful employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Harper sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

31. As a further direct result of the aforesaid unlawful employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Harper suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT IV
### (PHRA - Disability Discrimination)
### Plaintiff Harper v. the Defendant

32. Plaintiff Harper incorporates by reference paragraphs 1 through 31 of his Complaint as though fully set forth herein.

33. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Harper to discrimination on the basis of his actual and/or perceived disabilities and/or record of impairment, and failing to engage in the interactive process, constituted violations of the PHRA.

34. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Harper sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

35. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Harper suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT V
### (PHRA - Retaliation)
### Plaintiff Harper v. the Defendant

36. Plaintiff Harper incorporates by reference paragraphs 1 through 35 of his Complaint as though fully set forth herein.

37. The actions of the Defendant, through its agents, servants and employees, in retaliating against Plaintiff Harper for requesting a reasonable accommodation for his disabilities, constituted a violation of the PHRA.

38. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Harper sustained permanent and irreparable harm resulting in the termination of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

39. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Harper suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT VI
### (PHRA - Failure to Accommodate)
### Plaintiff Harper v. the Defendant

40. Plaintiff Harper incorporates by reference paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41. The actions of the Defendant, through its agents, servants and employees, in failing to engage in the interactive process with Plaintiff Harper and failing to reasonably accommodate Plaintiff Harper's actual and/or perceived disabilities and/or record of impairment, constituted a violation of the PHRA.

42. As a direct result of the aforesaid unlawful employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Harper sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to

sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

43. As a further direct result of the aforesaid unlawful employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Harper suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT VII
### (FMLA Interference, Retaliation)
### Plaintiff Harper v. the Defendant

44. Plaintiff Harper incorporates by reference paragraphs 1 through 43 of his Complaint as though fully set forth herein.

45. The actions of the Defendant, through its agents, servants and employees, in interfering with and/or restraining Plaintiff Harper's ability to exercise his rights under the FMLA, and in retaliating against Plaintiff Harper for exercising his rights under the FMLA, ultimately resulting in the termination of his employment, constituted violations of the FMLA.

46. The aforesaid actions of the Defendant were willful, malicious, wanton, in bad faith and in reckless disregard of Plaintiff Harper's rights.

47. As a direct result of the willful, wanton, reckless, careless and negligent acts of the Defendant, as aforesaid, Plaintiff Harper has suffered a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT VIII
### (FFCRA and FLSA – Interference, Retaliation)
### Plaintiff Harper v. the Defendant

48. Plaintiff Harper incorporates by reference paragraphs 1 through 47 of this Complaint as though fully set forth at length herein.

49. Effective April 1, 2020, the FFCRA provides for up to 80 hours of paid sick leave to eligible employees who are unable to work or telework due to the effects of COVID-19 through the Emergency Paid Sick Leave Act. *See* FFCRA §§ 5102(a), 5102(b)(A).

50. The FFCRA has expressly identified that enforcement of any and all penalties arising from violations of the Emergency Paid Sick Leave Act shall be governed by relevant sections of the FLSA.

51. Defendant is a "covered employer" as defined by the FFCRA. *See* FFCRA §5110(2).

52. Plaintiff Harper was an eligible "employee" as defined by the FFCRA who was, during the relevant time period, "subject to a Federal, State or local quarantine or isolation order relating to COVID-19," "advised by a health care provider to self-quarantine due to concerns related to COVID-19," and "experiencing symptoms of COVID-19 and seeking a medical diagnosis." *See* FFCRA §§ 5110(1), 5102(a)(1)-(3).

53. It is unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who exercises his right to "take leave in accordance with this Act." *See* FFCRA § 5104. "An employer who willfully violates

section 5104 shall … be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act." *Id.* at § 5105(b)(1).

54. An employer who in any way disciplines, discriminates or retaliates against, and/or discharges an employee in violation of this Act is subject to the penalties described in sections 16 and 17 of the FLSA with respect to such violation. *Id.* at § 5105(b)(2). Penalties under sections 16 and 17 of the FLSA include, but are not limited to, lost wages, an equivalent amount of liquidated damages, and attorney's fees and costs. *See* FLSA, 29 U.S.C. §§ 216-217.

55. Defendant terminated Plaintiff Harper's employment in retaliation for his request to take emergency paid sick leave pursuant to the FFCRA.

## PRAYER FOR RELIEF

56. Plaintiff Harper incorporates by reference paragraphs 1 through 55 of his Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Harper requests that this Court enter judgment in his favor and against the Defendant, and order that:

a. Defendant compensate Plaintiff Harper with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination.

b. Defendant compensate Plaintiff Harper with an award of front pay, if appropriate;

    c.    Defendant pay to Plaintiff Harper punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

    d.    Defendant pay to Plaintiff Harper pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

    e.    The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Harper demands trial by jury.

SIDNEY L. GOLD & ASSOC., P.C.

By:  /s/ Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
I.D. No.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
**Attorney for Plaintiff**

DATE: March 6, 2023

## VERIFICATION

    I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: Mar 2, 2023

*Darryl Harper*
Darryl Harper (Mar 2, 2023 12:48 EST)
DARRYL HARPER, PLAINTIFF